# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-696-RJC

| | |
|---|---|
| MARTINEZ ORLANDIS BLACK,  )  | |
| )  | |
| Petitioner,  )  | |
| v.  )  | |
| )  | **ORDER** |
| LAWRENCE PARSONS,  )  | |
| Administrator, Albemarle  )  | |
| Correctional Institution,  )  | |
| )  | |
| Respondent.  )  | |

**THIS MATTER** is before the Court on consideration of Respondent's motion to dismiss Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion to dismiss will be granted.

## I. BACKGROUND

Petitioner is an inmate currently confined in the North Carolina Department of Public Safety. On or about May 6, 2010, Petitioner, while represented by counsel, entered into a written plea agreement with the State and agreed to plead guilty to one count of possession of a controlled substance while in prison (Count 1), and one count of possession of marijuana with intent to sell or distribute (Count 2). Petitioner was sentenced in the Anson County Superior Court to a term of 16 to 20 months' imprisonment on Count 1 and a consecutive of term of 8 to 10 months' imprisonment on Count 2. See (Doc. No. 5-2: Transcript of Plea; 5-3: Judgment and Commitment Forms). Petitioner did not file a direct appeal.

In October 14, 2010, Petitioner, now proceeding pro se, filed a motion for appropriate relief (MAR) in the Anson County Superior Court, wherein he argued that at the time he entered

1

his guilty pleas, he believed that his sentences would run concurrently, and that he would never have agreed to plead guilty had he known that the sentences would be ordered to run consecutively. (Doc. No. 5-4: MAR at 2).[1] On or about November 6, 2010, the superior court summarily denied the MAR after finding that the plea transcript made no reference to how the sentences were to run, thus it would be in the sole discretion of the court to determine whether to impose concurrent or consecutive sentences. (Doc. No. 5).[2]

On July 21, 2011, Petitioner filed a pro se petition for a writ of certiorari in the North Carolina Court of Appeals (Doc. No. 5-6), and the State filed a response opposing relief. (Doc. No. 7). On July 28, 2011, the court of appeals denied the petition without prejudice to his re-filing the petition with the proper supporting documentation. (Doc. No. 5-8). On December 19, 2011, Petitioner filed a second petition for a writ of certiorari with the court of appeals again raising challenges to his consecutive sentences. (Doc. No. 5-9). The State responded in opposition and the court of appeals denied the petition on January 6, 2012. (Doc. No. 5-11).

On October 22, 2012, Petitioner's § 2254 petition was filed by the Clerk in this district and the petition was signed and dated October 15, 2012, under penalty of perjury by the Petitioner. (Doc. No. 1 at 15). Petitioner raises three claims for relief. In his first ground for relief, Petitioner renews his attack on his consecutive sentences. In his second ground for relief, Petitioner raises a claim that his counsel provided ineffective assistance of counsel for, among other reasons, failure to timely provide discovery, and failure to inform him of the possibility of

---

[1] Petitioner checked a box on the MAR form in an apparent effort to allege ineffective assistance of counsel although he provided no specific facts regarding this claim. Presumably, Petitioner tied the fact of his consecutive sentences to his counsel's advice, or omitted advice, prior to his entry into the plea agreement.

[2] In fact, the only stipulation in the plea arrangement provided that in exchange for Petitioner's pleas of guilty, the State would agree to dismiss two felony charges: attaining the status of habitual felon and possession of marijuana. (Doc. No. 5-2 at 5).

consecutive sentences. In his final claim for relief, Petitioner claims that the amount of marijuana charged in his indictment was far in excess of the amount that was demonstrated by the State's evidence. Petitioner again contends that he did not learn of this differential until September 20, 2012, when he finally received a copy of his discovery. (Doc. No. 1 at 8).

The Respondent filed an answer and a motion to dismiss Petitioner's § 2254 petition, contending that all of the issues that Petitioner raises in this federal habeas proceeding have been, or certainly should have been known to him prior to the entry of his guilty plea in 2010. Petitioner was notified of his opportunity to respond to the motion to dismiss. (Doc. No. 4). On the same day that the Respondent filed the motion to dismiss, Petitioner mailed a letter to the Clerk reiterating his habeas claims. (Doc. No. 6). Therefore, it appears that Petitioner has filed a response addressing Respondent's arguments and the time to do so has expired and this matter is now ready for disposition.

## II. DISCUSSION

Respondent contends that Petitioner's § 2254 petition is untimely filed and Respondent pleads the affirmative defense of the one-year statute of limitation under 28 U.S.C. § 2244(d). After considering the record in this matter and the applicable law, the Court finds that Petitioner's § 2254 petition is indeed untimely, and that he can present no sufficient grounds to equitably toll the one-year limitation period. Moreover, based on the record, the Court finds no evidentiary hearing is required in deciding the issues which are raised in this proceeding. See Rule 8 of the Rules Governing Section 2254 Cases.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

A 1-year period of limitation shall apply to an application for a writ of habeas

> corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Petitioner's criminal judgment was filed on May 6, 2010, and he did not appeal. The Court finds that, at the latest, Petitioner's judgment became final 14 days after judgment was entered which was on May 20. See N.C. R. App. P. 4(a)(2) (2010). Petitioner did not file his first MAR until October 19, 2010, which represents a span of 152 days. See N.C. Gen. Stat. § 1420(b1)(1) (A MAR "proceeding shall be commenced by filing with the clerk of superior court of the district wherein the defendant was indicted . . ."); see also Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (finding that after the time for seeking direct review has expired, the one year limitation begins to run and the time between such expiration and the filing of a proper application for post-conviction relief is counted against the petitioner). The one-year limitation period was tolled while the motion was pending before the superior court and until the court of appeals filed its decision denying his properly supported petition for a writ of certiorari on January 6, 2012. See 28 U.S.C. § 2244(d)(2) (providing that the limitation period is tolled while a proper application for post-conviction relief is pending). The limitation period thus resumed on

4

January 6, 2012, and expired 213 days later on August 6, 2012.

Petitioner's federal habeas petition was filed, at the earliest, on October 15, 2012, the date he avers that he placed the petition in the prison mail system. See Houston v. Lack, 487 F.2d 266, 276 (1988). Petitioner's § 2254 petition is therefore filed outside the one-year time limitation and is due to be dismissed under the express provisions of the AEDPA, and based on Respondent's affirmative defense, unless Petitioner can establish a strong case for equitably tolling the statute of limitation. As noted above, although notified of his opportunity to contest the motion to dismiss, Petitioner has not done so.

In examining his § 2254 petition, Petitioner fails to specifically address the timeliness of his petition in paragraph 17. In fact, he has left this space blank. Nevertheless, Petitioner does argue in his second and third grounds for relief that he did not receive his state discovery until September 20, 2012, and this could be meant to explain his delay in presenting his second and third grounds for relief. (Doc. No. 1 at 7-8).

The Court finds that Petitioner cannot benefit from an equitable tolling of the one-year limitation period. A habeas petition may be examined on the merits, in very limited circumstances, if it is untimely under § 2244(d). See Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549 (2010). A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at ___, 130 S. Ct. at 2565 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner's arguments in grounds two and three, such as they are, were known to him, or should have been known to him before he pled guilty. In sum, Petitioner was placed under oath during his plea hearing, and he admitted that he was guilty of the counts which were charged

5

against him. Consequently, the facts alleged in his indictment regarding drug weight, or any other facts alleged therein, are deemed to be admitted, and his late protestation that he did not receive discovery until some two and half years after his conviction became final is simply unavailing.

Finally, Petitioner's argument that his plea agreement was silent as to whether he would receive concurrent or consecutive sentences is equally unavailing. The terms of the plea agreement, which Petitioner signed under penalty of perjury, speak for themselves and the only concession made by the State was the dismissal of the two felony charges. If Petitioner maintained the view that he had bargained for and won the concession that his sentences would run concurrently following his plea of guilty, then he no doubt would have noticed that there was no such provision in the plea agreement. Consequently, Petitioner has received his benefit of the bargain, whether he harbors buyer's remorse or not, just as the State has received its benefit.

### III.     CONCLUSION

For the foregoing reasons, Petitioner's § 2254 will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's motion to dismiss is **GRANTED**. (Doc. No. 4).
2. Petitioner's petition for a writ of habeas corpus is **DISMISSED** as untimely (Doc. No. 1);
3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: 1/24/2014

Robert J. Conrad, Jr.
United States District Judge